## McIntosh et ux. v. Clark, Thurmund & Richardson et al.

Jan. 14, 1944.

I. G. Mason for appellants.

O. M. Smith and John A. Whitaker for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Rarely has this court been called upon to review proceedings as erroneous as those disclosed by this record. A detailed description of them may be avoided, in the interest of space economy, by confining this opinion to a description of the judgment which we are asked to reverse. It directed a sale of the real estate of the appellant, H. M. McIntosh, consisting of three tracts containing 80¾, 34, and 13 acres, respectively, in satisfaction of an alleged mortgage and an attachment lien in favor of the appellee, O. M. Smith, an attachment lien awarded the appellees, Clark, Thurmund, and Richardson, and a lien for state and county taxes asserted by the County Attorney in an intervening petition, although the record shows that no summons were ever issued against appellants disclosing that Smith had filed suit against them, that no summons whatsoever were issued on the County Attorney's intervening petition, and that no valid attachment was ever levied upon the property. Smith's claim, and that of Clark, Thurmund, and Richardson, though entirely dissimilar, were set forth in a single petition; and Smith's attachment was issued without an affidavit or bond having been executed by him. The attachment in favor of Clark, Thurmund & Richardson was issued, not only on grounds not authorized by the Civil Code of Practice, but in the name of "Clark, Thurmund and Thurmund." It should furthermore be noted that the judgment directed that all of the land referred to be sold,

first to satisfy the claim for taxes, and that thereafter, the 80¾ and 34 acre tracts be sold as one tract to satisfy the alleged attachment liens, and that the 13 acre tract be sold "to satisfy first, the lien claim of the state and county, and then to satisfy the mortgage lien claim of Clark, Thurmund and Richardson and O. M. Smith as hereinbefore adjudged." Although appellants had not appeared in person or by counsel, or in any manner entered their appearance to the action, the judgment recited that "advertisement in any newspaper is hereby waived," and in consequence, the sale was not advertised as required by KRS 426.560 (KS sec. 14a-1). Since no process was ever issued disclosing the existence of Smith's claim, or that of the state and county for taxes, it is obvious that so much of the judgment as awarded Smith a recovery against McIntosh and directed a sale of the land in satisfaction of liens in favor of Smith and for state and county taxes, was wholly void. To the extent that it adjudged that Clark, Thurmund, and Richardson recover of McIntosh the sum of $172.14, with interest from August 22, 1940, it was valid. In dispensing with the newspaper advertising; in sustaining the attachment issued in favor of the partnership on insufficient grounds; and in ordering more land to be sold than was necessary to satisfy the claim of the partnership, the judgment was grossly erroneous.

But the distinction between void and merely erroneous judgments is not material to the disposition of this case, since neither the appellee, Brents Thurmund, who purchased the 80¾ and 34 acre tracts for $1,300, nor the appellee, Loyd Hallman, who purchased the 13 acre tract for $235, was a bona fide purchaser within the rule which ordinarily protects the titles acquired by such purchasers at judicial sales. Thurmund was one of the plaintiffs in the action, and Hallman completed his purchase after exceptions to the report of sale had been filed by McIntosh setting forth the errors noted and during the pendency of this appeal granted in the order overruling the exceptions. Webb et al. v. Webb's Gdn. et al., 178 Ky. 152, 198 S. W. 736; Miller, etc., v. Hall and wife, 1 Bush 229.

The judgment was entered at the February, 1943 term, the property was sold on March 1st, and the report of sale was filed in the succeeding May term. On May 5th, the appellants moved to set aside the judgment

as void, and on May 6th, filed exceptions to the report of sale. The court overruled both the motion and the exceptions, and, as before indicated, granted an appeal from the order overruling the exceptions. Appellees insist that the court had no power to set aside the judgment after the expiration of the term at which it was rendered, and that appellants, if entitled to relief, should have petitioned for a new trial under the provisions of Section 518 of the Civil Code of Practice. But in this they are clearly in error, since the Code provisions authorizing the modification and vacation of judgments apply where the judgment is erroneous, and need not be resorted to when the judgment is void. Also appellees are in error in their interpretation of Section 763, Civil Code of Practice, which does not preclude this court from reversing a void judgment, but merely prohibits an appeal from a void judgment until a motion to set it aside has been made and overruled in the court entering it. But these questions, as before indicated, are merely academic so far as the present appeals are concerned, since, even though the judgment referred to was not void in its entirety, it was clearly erroneous, and timely exceptions to the report of sale were filed.

Appellants' motion for appeals from the judgment and the order overruling appellants' motion to set it aside, are sustained; and the judgment is reversed, with directions to set aside so much thereof as awards liens to the appellees and a recovery to Smith. The exception to the report of sale will also be sustained.